IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RAYMOND ROLES,                )
                              )   Case No. CV05-174-S-EJL
            Plaintiff,        )
                              )   **MEMORANDUM ORDER**
vs.                           )   **AND DECISION**
                              )
SCOTT WALDEN,                 )
                              )
            Defendant.        )
_____)

At issue in this case is whether Plaintiff, an inmate, was terminated from his prison job for filing concern forms about his supervisor. Plaintiff alleges that he was engaging in a protected activity, and then was fired in retaliation for filing the complaints. Defendant alleges that Plaintiff was terminated for a legitimate penological reason because he had a poor workplace attitude.

Defendant filed a Motion for Summary Judgment, which is currently pending before the Court (Docket No. 31). The Court extended the time within which Plaintiff had to file a response to the Motion (Docket No. 54), and Plaintiff has now filed his Response (Docket Nos. 55 & 56). The Court issued a Notice to Pro Se Litigants of the Summary Judgment Rule Requirements at the time Defendants' Motion was filed (Docket No. 34).

**ORDER  1**

Having reviewed the pending motion and the record before the Court, it has determined that oral argument would not substantially assist the Court in rendering its decision.  The Court has determined that genuine issues of material fact exist as to Defendant's alleged retaliation against Plaintiff, and thus, Defendant's Motion for Summary Judgment will be denied.

## MATERIAL FACTS

Plaintiff, an Idaho Department of Correction (IDOC) inmate, had a paid prison job as a sawyer in the Correctional Industries (CI) furniture shop.  At the time the allegations in the Complaint arose, William Oldham was the general manager of CI, Terry Knapp was the CI Wood Shop production manager, Defendant Scott Walden was the CI Wood Shop 34 assistant production manager, and John Clare was the CI Wood Shop 34 shop supervisor.  *Defendant's Statement of Facts*, at ¶¶ 1-5.

Plaintiff asserts that after he filed inmate concern forms and grievances about the workplace, his supervisor used a false excuse of lack of work to justify laying him in and ultimately terminating him. [1]  Plaintiff also asserts that other inmates were hired and took over his job.  Plaintiff then filed a lawsuit against Defendant Walden for the alleged violation of his First Amendment rights.[2]

---

[1] Defendant explained that the term "laying in" of an inmate worker is equivalent to the more familiar "laying off" of an employee.

[2] Plaintiff also asserted a Fourteenth Amendment claim in his Complaint.  However, the Supreme Court has instructed the federal courts that, whenever possible, they should analyze constitutional claims using an "explicit textual source of constitutional protection," such as the Fourth Amendment, rather than using "the more generalized notion of 'substantive due

**ORDER  2**

The time line of events in this case is as follows:

| Date | Event |
|---|---|
| July 21, 2003 | Plaintiff began working for CI in the furniture workshop as a trainee for $.22 per hour. |
| October 28, 2003 | Walden requested that Plaintiff be promoted to sawyer's helper, and his pay was increased to $.44 per hour. *Docket No. 31-13*. The promotion expectations given to Plaintiff included: (1) improve communication skills; (2) increase productivity; (3) get more involved; (4) learn to work better with others; and (5) improve attitude. *Id*. |
| June 30, 2004 | Plaintiff was promoted to a sawyer's position and received a raise to $.66 per hour. The promotion expectations given to Plaintiff included: (1) increase speed and quality; (2) completely understand equipment; and (3) improve communication skills. *Docket No. 45*. |
| June 2004 | Walden recalls that Plaintiff was laid in sometime during June due to a slow down in business. Plaintiff was recalled to work at CI shortly after the lay in. *Id*. |
| July 6, 2004 | Plaintiff was given an inmate worker evaluation in which he received above average ratings for (1) his attitude toward his supervisor; (2) his ability to work independently; (3) his regard for safety; and (4) his overall job proficiency. He was rated exceptional for (1) his ability to work with others; (2) his personal appearance; and (3) attendance. *Docket No. 45*. |
| | Walden claims that Plaintiff began having issues with other inmate workers, and he claims that he spoke with Plaintiff about having to get along with others. No specific dates were provided for these events. *Docket No. 31-11*, p. 3, 6. |
| | Walden claims that he spoke with Plaintiff after he had an argument with Lyle Goodsell. *Docket No. 31-3, Deposition of Raymond Roles,* p. 39. |
| September 13, 2004 | Plaintiff filed an inmate concern form with Warden Blades, regarding whether he had to follow orders from other inmate workers. Warden Blades forwarded Plaintiff's inmate concern form to Sgt. Dietz. |

---

process.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff was informed that under the *Graham* principle, his claim was more appropriately construed as a First Amendment claim than a Fourteenth Amendment due process claim.

**ORDER 3**

| | |
|---|---|
| October 29, 2004 | Plaintiff filed a grievance form, questioning whether he could lose his job for not following orders given by an inmate worker.  Sgt. Dietz responded to Plaintiff's grievance, stating that "no offender wil be put into any type of supervisory role over another offender."  Sgt. Dietz also told Plaintiff that he would reiterate this policy to the shop supervisors.  *Docket No. 2*, p. 9. |
| January 12, 2005 | Plaintiff and twelve other inmate workers were laid in for a full day of work due to lack of business, while eleven inmate workers were laid in for a half-day.  *Docket No. 31-11,* p. 4. |
| January 22, 2005 | Plaintiff filed a concern form with William Oldham at CI, informing him that he had not been recalled to work at CI and that other offenders were doing his job.  *Docket No. 2*, p. 11.  Walden alleges that he does not recall receiving a copy of the concern form.  *Docket No. 31-11*. |
| February 9, 2005 | Plaintiff filed a grievance form with William Oldham, claiming that he is being retaliated against by Walden.  Oldham responds to the grievance by telling Plaintiff that he was laid in due to lack of work.  The grievance was reviewed by Terry Knapp, who confirmed Oldham's statement.  Warden Blades reviewed the grievance and informed Plaintiff that it was a "Correctional Industries Business Decision that had been supported by the administrator and facility manager."  Warden Blades dated his comments, March 17, 2005.  *Docket No. 2*, p. 12. |
| March 1, 2005 | Walden decided to train one of the sawyer helpers, Daniel Brown, as a sawyer.  Plaintiff was not recalled to work at CI.  *Docket No. 31-11*, p. 4. |
| March 10, 2005 | Other inmate workers were interviewed and hired during the time Plaintiff was laid in.  *Complaint*, *Docket No. 2*, Exhibits A and B. |
| March 21, 2005 | Plaintiff sent a concern form to Warden Blades, stating that he had initiated a grievance process against Walden, and "it has come to my attention that he has been talking about the grievance to other prisoners." It appears that Warden Blades received the concern form and wrote "noted" on the form four days later. |
| March 30, 2005 | Walden signed a change of status form for Plaintiff, dated March 30, 2005, stating that Plaintiff had been terminated for a "poor attitude." Plaintiff claims that he did not receive the termination notice.  *Docket No. 31-18*. |
| May 5, 2005 | Plaintiff filed a civil rights Complaint against Walden, alleging retaliation for filing concern forms while working at CI.  Plaintiff alleges in the |

**ORDER  4**

|  |  |
|---|---|
|  | Complaint that Defendant is refusing to recall him to work at CI. *Docket No. 2*. |
| June 23, 2005 | Plaintiff requested an injunction based on the CI supervisor's failure to call him back to work.  He alleges that other CI workers have been working overtime for at least six weeks. *Docket No. 10*, p. 2, 5. |
| July 13, 2005 | Plaintiff claims that his unit correctional officer spoke to Walden, and he was told that Plaintiff had not worked for CI for months. *Amended Complaint, Docket No. 22*, p. 4. |
| August 29, 2005 | Plaintiff claims he was transferred to a more restrictive housing unit due to retaliation from Walden. *Docket No. 17*. |

In addition to the facts set forth above, Plaintiff submitted an affidavit from Daniel Peterson in which he claims that Walden informed him that Plaintiff was not coming back to work at CI because he kept filing concern forms. *Docket No. 43, p. 4*. Plaintiff also claims that other inmates who were terminated from CI received two points on their inmate classification. He claims that despite Walden's position that Plaintiff was terminated in March of 2005, he did not receive any classification points. Plaintiff also claims that he was allowed to live in Unit 13 at ISCI up through August of 2005, further evidence that he was not terminated in March of 2005. *Docket No. 56*. Plaintiff asserts that he was the only inmate who filed a concern form with Walden, and he was the only inmate terminated from employment at CI. *Id*.

Plaintiff also argues that a grievance response signed by William Oldham and Terry Knapp, indicating that Plaintiff was laid in for lack of work is contradicted by the number of new CI workers who were hired during this time. *Docket No. 56*.

In support of Walden's summary judgment request, he also asserts that Plaintiff was counseled about his attitude.  Walden claims that Plaintiff stated that he worked better alone. *Docket No. 31-11*.  Walden also submitted excerpts from the deposition of Lyle Goodsell, stating

**ORDER  5**

that Plaintiff argued with him at CI.  Goodsell also stated that Plaintiff "was dangerous in his talk," was hard to be around, and used obscene language.  *See Docket No. 33-3*.  Walden's counsel also refers to the testimony of other unidentified inmates who were deposed outside of Plaintiff's presence.  Plaintiff has not reviewed the transcripts of these depositions because Walden's counsel requested that they be sealed.  *Docket No. 31-2*, p. 6.

## STANDARD OF LAW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there

**ORDER  6**

is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted). The Court is required, however, to determine whether the evidence set forth meets the requirements of Rule 56(c) and (e). In so doing, the Court is to look at admissibility of the *content* of the evidence, rather than the admissibility of the *form* of the evidence. *See Fonseca v. Sysco Food Service of Arizona*, 374 F.3d 840, 846 (9th Cir. 2004); *Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v. New Hampshire Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) (same). Declarations that contain hearsay are admissible for summary judgment purposes if they "could be presented in an admissible form at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could

**ORDER  7**

reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Defendant Walden allegedly violated Plaintiff's civil rights through retaliation for filing concern and grievance forms, and ultimately filing a lawsuit against Walden. A retaliation claim must contain the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). No injury other than a "chilling effect on First Amendment rights" need be alleged. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001), but in this action, Plaintiff asserts that he was laid in and then terminated for filing concerns and grievances about his work at CI. He further alleges that his housing assignment was changed to a more restrictive unit at ISCI due to the termination from his job.

**ORDER 8**

## DISCUSSION

Once Defendant Walden comes forward with evidence showing that no genuine issue of material fact exists as to Plaintiff's retaliation claim, Plaintiff "must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." *T.W. Electric Serv*., 809 F.2d at 630.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party, and the Court does not determine the credibility of affiants or weigh the evidence set forth by the parties.  *Id*. at 630-31.

The record in this case clearly demonstrates why the Court has been directed not to weigh the evidence, nor try to determine the credibility of affiants' contradictory facts. Defendant Walden insists that Plaintiff was terminated for a legitimate penological reason, that being the security and safety of the CI workplace.  In support of Walden's facts, he submits documents showing that Plaintiff was given improvement goals when he was promoted at CI.  Walden also asserts that Plaintiff could not get along with his co-workers at CI.  Finally, Walden submits a document showing that Plaintiff was terminated for a poor attitude.

To counter Walden's facts, Plaintiff submitted documents and affidavits directly contradicting Walden's account of the reasons for various lay ins and Plaintiff's termination.  For example, Plaintiff has evidence showing that he was laid in for a lengthy period for the first time after he submitted concern and grievance forms regarding work

**ORDER  9**

conditions at CI.  Plaintiff also uses the following facts to create an inference that he was the subject of retaliation: (1) over a one-year period from the date of his hire, Plaintiff received two promotions and corresponding pay increases; (2) Walden's July 2004 performance evaluation of Plaintiff gave him exceptional ratings for his ability to work with others and an above average rating for attitude toward his supervisor; (3) after Plaintiff filed a grievance form, Plaintiff was laid in from work for lengthy periods of time; (4) immediately prior to Plaintiff's alleged termination, he was informed by Oldham, Knapp, and Warden Blades that the reason he was laid in for several weeks was due to lack of business; (5) other workers were hired, promoted, and given overtime hours during this time period; and (6) despite Walden's claim that he terminated Plaintiff on March 30, 2005, there is evidence showing that Plaintiff never received the termination notice.   The termination notice to Plaintiff surfaced after he filed his lawsuit against Walden.

     Based on the record before the Court, Plaintiff has come forward with sufficient evidence in support of his retaliation claim to demonstrate a genuine issue of material fact exists as to the reason for his termination from CI.  To make any other determination would suggest that the Court is able to weigh each sides' evidence and determine the credibility of the contradictory testimony based solely on the submissions in support of summary judgment.

**ORDER  10**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket No. 31) is DENIED.

DATED: **March 29, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER  11**